IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| MARY O. WILLIAMS and  <br>GEORGE BUSH | § <br> § <br> § | PLAINTIFFS |
| v. | § <br> § | CAUSE NO. 1:07CV906 LG-JMR |
| CITY OF GULFPORT, MISSISSIPPI  <br>and JOHN DOES 1-5, in their  <br>individual capacities | § <br> § <br> § | DEFENDANTS |

### ORDER REQUESTING BRIEFS ON THE ISSUE OF STANDING

THIS MATTER COMES BEFORE THE COURT in regard to the Motion to Dismiss Pursuant to Fed. R. Civ. P. 56 and/or Other Grounds [6], filed by the City of Gulfport, Mississippi. The Plaintiffs have filed a response, and the City has replied. After due consideration of the parties' submissions, arguments, and the relevant law, it is the Court's opinion that the parties should be given the opportunity to address the jurisdictional issue of Plaintiffs' standing to bring this lawsuit.

### DISCUSSION

Plaintiffs allege in their Complaint that Plaintiff Mary O. Williams and her deceased husband owned property located at 740 Beach Drive in Gulfport, Mississippi. Sometime after October 6, 1998, Williams "executed an executrix's deed to GCW, LLC, a Mississippi limited liability company of which she is the sole member and which company exists to facilitiate the operation of her business matters." Compl. 3. Plaintiff George Bush is alleged to have operated a nightclub at the property from 2001 until the building was destroyed by Hurricane Katrina in August 2005. *Id*. Williams and Bush complain that the City of Gulfport enacted an ordinance which prevents them from rebuilding on the property, violating their Constitutional rights to due

process and equal protection, for which they seek redress pursuant to 42 U.S.C. § 1983. Plaintiffs also bring state law claims of civil conspiracy and intentional infliction of emotional distress against the John Doe defendants, in their individual capacities.

Although no party has raised the issue of standing, the Court finds it necessary to do so *sua sponte*. "The jurisdictional issue of standing may be raised *sua sponte* despite the parties' failure to raise it." *Henderson v. Stalder*, 287 F.3d 374, 379 n. 5 (5th Cir. 2002). The standing question is whether the plaintiff has "alleged such a personal stake in the outcome of the controversy as to warrant his invocation of federal-court jurisdiction and to justify exercise of the court's remedial powers on his behalf." *Warth v. Seldin*, 422 U.S. 490, 498-99 (1975) (citations and quotation marks omitted).

> The Art. III judicial power exists only to redress or otherwise to protect against injury to the complaining party, even though the court's judgment may benefit others collaterally. A federal court's jurisdiction therefore can be invoked only when the plaintiff himself has suffered some threatened or actual injury resulting from the putatively illegal action . . . .

*Id.* at 499.

Plaintiffs appear to allege that the owner of the subject property is GCW, LLC. There is evidence in the record, none of it conclusive, showing both GCW, LLC and Mary Williams to be owners of the property. *See, e.g.*, Ct. R. 9-4 p. 1; Ct. R. 9-5 p. 7. It is clear from the allegations of the Complaint that George Bush has no ownership interest in the property, but may have a leasehold interest. If GCW, LLC is the owner of the property, then the claims for violations of constitutional rights alleged here may have to be asserted through the corporation rather than either of the current Plaintiffs.

The general rule is, of course, well established that an action to redress injuries to

> a corporation, whether arising out of contract or tort, cannot be maintained by a stockholder in his own name but must be brought in the name of the corporation. . . . The general rule is applicable in cases where the individual is the sole stockholder.

*Bruno v. Southeastern Serv., Inc.*, 385 So. 2d 620, 622-23 (Miss. 1980); *see also Burroughs v. McDaniel*, 886 So. 2d 748, 751 (Miss. App. 2004) ("[A]n individual cannot seek relief on behalf of a corporation."). The Court requires the assistance of the parties in resolving the jurisdictional question of whether standing exists in this case.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the parties shall file briefs on the issue of Plaintiffs' standing to bring this suit on or before April 11, 2008.

**SO ORDERED AND ADJUDGED** this the 14th day of March 2008.

s/ *Louis Guirola, Jr.*
Louis Guirola, Jr.
United States District Judge